IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY FLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-205-M |
| ) | |
| CITY OF WALTERS and ) | |
| COUNTY OF COTTON, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

I.  Introduction

Two motions to dismiss are presently pending before the Court. Defendant City of Walters, Oklahoma moves the Court to dismiss Plaintiff Gary Floyd's Complaint for failure to state a claim upon which relief may be granted. Defendant Cotton County, Oklahoma separately moves to dismiss for failure to state a claim or, in the alternative, for lack of subject matter jurisdiction. Floyd, appearing *pro se*, has responded to both motions. Upon review of the parties' submissions, and for the reasons that follow, the Court finds that Floyd's Complaint must be dismissed on the ground that subject matter jurisdiction is lacking.

II.  Legal Standard

Subject matter jurisdiction is "the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (emphasis in original); *see Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Federal courts, however, possess limited subject matter jurisdiction and, as such, "may only hear cases 'when empowered to do so by the Constitution and by act of Congress.'" *Radil*, 384 F.3d at 1225 (quoting 16 James Wm. Moore, *Moore's Federal Practice* § 108.04(2)).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Id.* at 1224. And when the factual basis for a party's invocation of federal jurisdiction is challenged, "the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *Id.*

III.   Analysis

The Court perceives no basis in Floyd's Complaint for his invocation of federal jurisdiction. The Complaint contains no reference to any federal statutory or constitutional provision. Moreover, the fact that all parties are Oklahoma residents precludes federal diversity jurisdiction. 28 U.S.C. § 1332(a); *Radil*, 384 F.3d at 1225 ("To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the parties . . . ."). Finally, the legal claims enumerated in Floyd's Complaint, even if construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), do not appear to raise a cognizable federal question.[*] *See* 28 U.S.C. § 1331. But even if a federal question could somehow be gleaned from Floyd's allegations, the Court finds that they are simply too vague to state a claim upon which relief may be granted, and are therefore subject to dismissal pursuant to Fed. R. Civ. P.

---

[*]     Floyd's "Count #1," the only one with a title – "Selective and Malicious Proscution [sic]" – states in its entirety: "This initial stop resulted from a tag light that wasn't even out, placed into custody on a case that was dismissed in 1996 Case # TR-96-577 in District Court of Cotten [sic] County. Plaintiff never received notice of the fine, after living with [sic] this area and in the same home the entire time." Compl. at 2. "Count #2," in its entirety, provides: "Improper car [sic] of pets resulting in the most disructive [sic] and catastrophe of events that lead the plaintiff distruction [sic] of normal life, pets home and everything that supported that life. This accusation is the most complex and distructive [sic] of allegations. This caused unforsee [sic] medical problems, expenses that created downward spiral that plaintiff is just recovering from after all this period." *Id.* "Count #3," in its entirety, alleges: "Plaintiff was given a warning which was presented to the Dept. of Motor Vehicle as a citation." *Id.* And "Count #4," in its entirety, provides: "Released the refund of any pets to a person without authority." *Id.*

12(b)(6). *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (explaining that in the case of a *pro se* plaintiff, the district court must construe the complaint liberally, but "should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations").

Although Floyd's Complaint does not set forth any basis, express or implied, for this Court's exercise of jurisdiction, the Court notes that Floyd's civil cover sheet contains references to three possible sources of federal jurisdiction. In part II of the cover sheet, which is entitled "Basis of Jurisdiction," Floyd checked a box that reads: "U.S. Government Defendant." Federal district courts have "exclusive jurisdiction of civil actions on claims against the United States . . . ." 28 U.S.C. § 1346(b)(1). Clearly, though, neither the City of Walters, Oklahoma nor Cotton County, Oklahoma qualifies as the U.S. Government or an agency or instrumentality thereof. *See, e.g., Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401 (1979) (describing counties and municipalities as "political subdivisions" of the states in which they are found). Thus, Floyd's assertion of jurisdiction under 28 U.S.C. § 1346 is without merit. In part IV of the cover sheet, which is entitled "Nature of Suit," Floyd checked boxes indicating that his claims arise under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and that his action involves an appeal of a fee determination under the Equal Access to Justice Act, 28 U.S.C. § 2412. Even a cursory review of the allegations in Floyd's Complaint makes clear that neither of these federal statutes are implicated in this action. In sum, then, the Court finds that Floyd's civil cover sheet does not establish a basis for this Court's exercise of jurisdiction.

Lastly, the Court considers Floyd's responses to Defendants' motions to dismiss. In both of his responses, Floyd discusses his victimization at the hands of various individuals and entities,

and even clarifies, to a limited degree, the factual underpinnings of some of his claims. Importantly, however, Floyd does not in either of his responses identify or even suggest a basis for his invocation of federal jurisdiction.

IV.     Conclusion

The Court's review of the parties' submissions and the entire record in this case reveals nothing to support its exercise of jurisdiction. Because Floyd has failed to satisfy his burden of establishing a basis for federal jurisdiction, the Court finds that his Complaint [docket no. 1] must be, and now hereby is, DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(b)(1). Accordingly, Cotton County, Oklahoma's Motion to Dismiss [docket no. 11] is GRANTED. The City of Walters's Motion to Dismiss Plaintiff's Complaint [docket no. 8] and Floyd's Motion in Support of Continuance [docket no. 13] are DENIED as moot.

**IT IS SO ORDERED this 9th day of August, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE